[680 NYS2d 573]

In the Matter of ROBERT RASAMNY, an Attorney, Resignor.

Second Department, November 16, 1998

**APPEARANCES OF COUNSEL**

*Gary L. Casella,* White Plains (*Matthew Renert* of counsel), for Grievance Committee for the Ninth Judicial District.

**OPINION OF THE COURT**

Per Curiam.

Robert Rasamny has submitted an affidavit, dated June 26, 1998, wherein he tenders his resignation as an attorney and counselor-at-law pursuant to 22 NYCRR 691.9. Mr. Rasamny was admitted to the practice of law by the Appellate Division of the Supreme Court in the First Judicial Department on January 26, 1976.

Mr. Rasamny is aware that he is the subject of a pending investigation by the Grievance Committee for the Ninth Judicial District based upon his conviction in the State of Michigan Circuit Court, Oakland County, on October 8, 1996, for selling unregistered securities. He was sentenced to five years' probation and court-ordered restitution. Mr. Rasamny submits that the aforesaid crime is a felony in the State of Michigan and, therefore, a serious crime in New York, within the meaning of Judiciary Law § 90 (4) (d) and 22 NYCRR 691.7 (b). He also concedes that he failed to file the record of his conviction with this Court, as required by Judiciary Law § 90 (4) (c).

Mr. Rasamny acknowledges that he could not successfully defend himself on the merits against any charges predicated upon the allegations under investigation. He avers that his resignation is voluntary, free from coercion and duress, and that he is fully aware of the implications of its submission.

Mr. Rasamny is aware that the Court, in any order permitting him to resign, could require him to make monetary restitution to any persons whose money or property was misappropriated or misapplied, or to reimburse the Lawyers' Fund for Client Protection for the same. Mr. Rasamny is further aware that any order issued pursuant to Judiciary Law § 90 (6-a) could be entered as a civil judgment against him. Furthermore, he specifically waives the opportunity afforded him by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

The Grievance Committee urges acceptance of the proffered resignation.

Inasmuch as Mr. Rasamny's resignation complies with all pertinent Court rules, it is accepted and directed to be filed. Accordingly, Robert Rasamny is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law.

MANGANO, P. J., BRACKEN, ROSENBLATT, MILLER and O'BRIEN, JJ., concur.

Ordered that the resignation of Robert Rasamny is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Robert Rasamny is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Robert Rasamny shall promptly comply with this Court's rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Robert Rasamny is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.